## MATTER OF TORBERGSEN

### In Deportation Proceedings

### A-18244859

*Decided by Board November 26, 1969*

Respondent, who possesses the requisite familial relationship, and who is deportable as one excludable at entry under section 212(a)(20) of the Immigration and Nationality Act because not an immediate relative as specified in his immigrant visa obtained on the basis of an invalid marriage (his United States citizen wife's prior marriage never having been terminated), comes within the purview of section 241(f) of the Act, as amended, notwithstanding there was no fraud on his part (*Matter of Lim*, Int. Dec. No. 1947), and notwithstanding he was not in possession of a labor certification at time of entry (*Castillo-Godoy* v. *Rosenberg*, 415 F.2d 1266 (C.A. 9, 1969)).

CHARGES:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry for procuring documentation by willful misrepresentation under section 212(a)(19) of the Act.

Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry—not immediate relative as specified in immigrant visa under section 201(b) of the Act.

ON BEHALF OF RESPONDENT:
Dean A. Andrews, Jr., Esquire
803 Maison Blanche Building
New Orleans, Louisiana 70112
(Brief filed)

ON BEHALF OF SERVICE:
Henry J. Scroope, Jr.
Trial Attorney
(Brief filed)

The respondent, a native and citizen of Norway, appeals from an order entered by the special inquiry officer denying his motion to reopen and reconsider a decision of January 15, 1969, which finds the respondent deportable under the provisions of section 241(a)(1) of the Act as an alien who was excludable at the time of entry because he was not an immediate relative as specified in his immigration visa under section 201(b) of the Act. The order entered on that occasion provided for the respondent's voluntary departure in lieu of deportation with the proviso that if he failed

to depart when and as required, the privilege of voluntary departure would be withdrawn without further notice and the respondent deported to Brazil or in the alternative to Norway. Exceptions have been taken to the denial of the motion.

The respondent is a male alien, 26 years of age, who last entered the United States through the port of Los Angeles, California, on or about April 16, 1968. He was then admitted for permanent residence upon presentation of an immigration visa issued to him as the spouse of a citizen of the United States. The evidence affirmatively establishes that the respondent's citizen wife was previously married and that her marriage has never been terminated.

The special inquiry officer has found the respondent deportable under section 241(a)(1) of the Act as an alien who was excludable at the time of entry in that he was not entitled to an immediate relative status under section 201(b) of the Act. Sections 212(a) and 241(a) of the Immigration and Nationality Act set forth the general classes of aliens who are either excludable as aliens ineligible to receive visas or deportable as aliens in the United States in violation of the immigration laws. Section 241(a)(1) provides for the deportation of an alien who "at the time of entry was within one or more of the *classes of aliens excludable* by the law existing at the time of such entry." (Emphasis added.) There is no provision in section 212(a) of the Act for the exclusion of aliens "who are not immediate relatives as specified in the immigrant visa" under section 201(b), as amended. The Act does provide for the deportation of an alien under section 241(a)(1) who at the time of entry was excludable under section 212(a)(20) as an immigrant "who at the time of application for admission is not in possession of a valid unexpired immigrant visa . . . required by [the] Act" (section 212(a)(20), Immigration and Nationality Act). Since the respondent had obtained an immigrant visa on the basis of an invalid marriage, he was not in possession of a valid immigration visa at the time he applied for admission at Los Angeles, California on April 16, 1968.

This Board under 8 CFR 3.1(d) is empowered to exercise such authority as is appropriate and necessary for the disposition of the case. The respondent is the father of a legitimate child born at New Orleans, Louisiana on April 21, 1968 (p. 5 of Ex. 3, pp. 8 and 9, special inquiry officer's opinion). The special inquiry officer has found the respondent ineligible for the benefits of section 241(f), because at the time of entry he was not "otherwise ad-

missible" since he did not have a labor certification as required by section 212(a)(14) of the Act. The special inquiry officer also stated that the benefits of section 241(f) are not available to the respondent because he has not been found deportable on the fraud charge laid under section 212(a)(19), relying on our decision in *Matter of Lim*, 12 I. & N. Dec. 671 (BIA, 1968). The special inquiry officer's conclusion on this issue was reached prior to the decision in *Castillo-Godoy v. Rosenberg*, 9 Cir., No. 22432 (August 29, 1969), and our decision of March 13, 1969 in *Matter of Lim*, Interim Decision No. 1947.

Our reconsideration of *Lim* (*supra*), in light of the court's ruling in *In re Yuen Lan Hom*, 289 F. Supp. 204 (S.D. N.Y., 1968), ed to the conclusion that an alien who innocently entered the United States as a nonquota immigrant without knowledge that he petitioning spouse had made false representations in the petition for a nonquota visa comes within the purview of section 241(f), notwithstanding the fact that the alien is not deportable on the basis of a fradulent entry but only on a documentary charge. *Castillo-Godoy v. Rosenberg* (*supra*) held essentially that labor certification at the time of entry was a quantitative requirement which, like quote limitations, was intended to be waived by section 241(f) for aliens who entered the United States on the basis of fradulent misrepresentations.

Ordinarily, we would remand this case to the special inquiry officer for the lodging of a proper charge at a reopened hearing. The facts in the respondent's case, however, place him squarely within our 1969 ruling in *Matter of Lim* (*supra*) and the Ninth Circuit's ruling in *Castillo-Godoy v. Rosenberg* (*supra*). The Solicitor General has declined to petition for certiorrari to review at decision, concluding that it is correct. We therefore accept the holding of the Ninth Circuit in that case and we will order e proceedings terminated. Our decision and order renders the respondent's motion moot.

ORDER: It is ordered that the proceedings under the order to ow cause dated October 9. 1968 be and the same are hereby terminated.