MATTER OF LIM

In Deportation Proceedings

A-11422036

*Decided by Board March 13, 1969*

Respondent, who innocently entered as a nonquota immigrant without knowledge that her petitioning husband's representation to be a U.S. citizen was fraudulent, comes within the purview of section 241(f) of the Immigration and Nationality Act, as amended, in the light of *In re Yuen Lan Hom*, 289 F. Supp. 204 (S.D. N.Y., 1968), holding that an innocent falsehood constitutes a "misrepresentation" within the meaning of the statute. [*Matter of Lim*, 12 I. & N. Dec. 671, superseded.]

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry—not nonquota immigrant as specified in visa—section 211(a)(3).

ON BEHALF OF SERVICE:  Sam I. Feldman
Trial Attorney
(Brief filed)

This case is before us on motion of the Immigration and Naturalization Service to reconsider and withdraw our prior orders and terminate these proceedings in light of the intervening decision in *In re Yuen Lan Hom*, 289 F. Supp. 204 (S.D. N.Y., 1968). The motion will be granted and the proceedings terminated.

The facts and pertinent legal principles were discussed in our prior orders, now reported in *Matter of Lim*, 12 I. & N. Dec. 671, and need not be repeated at length. The question is whether the respondent, who innocently achieved nonquota status on her husband's fraudulent representation that he was a United States citizen, is saved from deportation by section 241(f) of the Immigration and Nationality Act. In our prior decisions, we concluded that, anomalous as it might seem, the bounty of section 241(f) extended only to those guilty of fraud, and not to the innocent.

In the *Hom* case, *supra*, the same issue was presented in a naturalization setting. The district court emphatically rejected our

169

reading of the statute and concluded that section 241(f) applies to such a situation. The court held that a liberal construction was warranted by the underlying congressional intent to unite families; and that, in any event, an innocent falsehood literally constitutes a "misrepresentation" within the meaning of the statute. The Government did not appeal.

The fact that a lower federal court has rejected a legal conclusion of this Board does not of itself require us to recede from that conclusion. The Service's jurisdiction is nationwide and we hear appeals from Service decisions in all parts of the country. The contrary ruling of a reviewing court in one district is not necessarily dispositive of the issue; a conflicting view may be expressed by a court in another jurisdiction. See, e.g., Errico v. INS, 349 F.2d 541 (9 Cir., 1965) and Scott v. INS, 350 F.2d 894 (2 Cir., 1965).

Similarly, the Government's failure to appeal from a lower court's adverse decision does not of itself indicate acquiescence. The determination not to appeal may be based on other considerations, such as the inadequacy of the record as a vehicle for appeal or factors outside the record which render an appeal undesirable.

In the Hom case, however, it is clear from the Department's file that the decision not to appeal was based on the conclusion that the district court's reading of the statute is correct. We will, therefore, recede from the position we had heretofore taken in the instant case. Accordingly, we will grant the Service's motion, withdraw our prior orders, and sustain the order of the special inquiry officer terminating the proceedings.

ORDER: It is ordered that the prior orders of the Board dated March 7, 1968 and December 13, 1967, respectively, and published as Interim Decision No. 1847 (now 12 I. & N. Dec. 671), be and they are hereby withdrawn.

It is further ordered that the decision of the special inquiry officer dated September 27, 1967, terminating the proceedings, be and it is hereby sustained.