MATTER OF LOUIE

In Deportation Proceedings

A-14238047

A-17959858

*Decided by Board August 27, 1973*

Notwithstanding an absence of fraud on their part, respondent and his wife, who innocently entered this country as preference immigrants on the basis of the representation that respondent's brother was a citizen of the United States whereas, in fact, he was not a citizen, come within the purview of section 241(f) of the Immigration and Nationality Act, as amended, since the terms of that section encompass innocent misrepresentations.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry—not of status specified in visa.

ON BEHALF OF RESPONDENTS:
Robert S. Bixby, Esquire
Fallon, Hargreaves, Bixby & McVey
30 Hotaling Place
San Francisco, California 94111
(Brief filed)

ON BEHALF OF SERVICE:
Stuart Shelby
Trial Attorney
(Brief filed)

The respondents in this case are husband and wife. They have appealed from a decision of an immigration judge which found them deportable, denied their application for termination of the proceedings under section 241(f) of the Immigration and Nationality Act, but granted them the privilege of voluntary departure. It is our conclusion that the respondents are saved from deportation by section 241(f); accordingly, we will sustain the appeal and order termination of the proceedings.

The male respondent, claiming to be the brother of a United States citizen, entered this country as a preference immigrant in 1967. The female respondent gained admission in 1968 as the spouse of a permanent resident alien, namely, her husband. It is uncontested that the brother of the male respondent was not in fact a citizen, and that the respondents were not entitled to the immigrant visas which they received. At their hearing the respondents admitted each factual allegation contained in the order

to show cause, yet denied deportability on the ground that they were exempt from deportation under the mandate of section 241(f) of the Act.

Section 241(f) of the Act exempts an alien from deportation if it is established that: (1) the alien procured entry or documentation through fraud or misrepresentation; (2) the alien was otherwise admissible at the time of his entry; and (3) the alien is the spouse, parent, or child of a United States citizen or resident alien. The decision of the immigration judge, which held this provision to be unavailable to the respondents, was based upon his finding that the requisite fraud did not exist.

The evidence adduced at the hearing indicates that the two aliens involved in this case were unaware that the brother of the male respondent was not actually a citizen. The brother had apparently concealed his false status from the respondents as well as from the Immigration and Naturalization Service. Thus, the entries effected by the respondents appear to have been done in the absence of any fraud on their behalf, although it is unquestionable that an innocent misrepresentation occurred. Despite his correct factual determination, the immigration judge was in error in concluding that the good faith of the respondents precluded the application of section 241(f) to their case. In *Matter of Lim*, 13 I. & N. Dec. 169 (BIA,1969), and *Matter of Torbergsen*, 13 I. & N. Dec. 432 (BIA,1969), the Board clearly held that the terms of the statute do not prevent its invocation by an alien whose misrepresentation was innocent, as opposed to fraudulent. Consequently, we find that the respondents satisfy the first element of the statute.

We do not perceive, nor does the Service contend that there exists, any ground which would preclude these aliens from meeting the "otherwise admissible" requirement of the statute. Moreover, each respondent entered as an immigrant and thus was subject to an administrative examination as prescribed by the Attorney General in *Matter of Lee*, 13 I. & N. Dec. 214, 218 (A.G.,1969).

Finally, the respondents appear to have the requisite familial relationship. They have a daughter who immigrated to the United States as the spouse of a permanent resident alien, and who is still a resident alien herself. Although the daughter is married and could not qualify as a "child" within the meaning of the Act, see section 101(b)(1), this does not prevent these aliens from being deemed "parents" under section 101(b)(2) and thus "parents" for purposes of section 241(f). See *Matter of Citino*, 12 I. & N. Dec. 427 (BIA,1967); *Matter of G*—, 8 I. & N. Dec. 355 (BIA,1959).

Since the respondents satisfy the three requirements of section

241(f) of the Act, we find that they are exempt from deportation. The decision of the immigration judge was therefore incorrect, and we shall order termination of the proceedings.

**ORDER:** The proceedings are terminated as to both respondents.