## MATTER OF SULEIMAN

### In Section 246 Proceedings

### A-18287193

*Decided by Board January 4, 1974*

(1) Respondent was granted permanent resident status on January 28, 1970, as the immediate relative spouse of a United States citizen, and as such was exempt from the numerical limitations of the Immigration and Nationality Act. After the marriage ended in divorce on August 19, 1970, the Service brought rescission proceedings on the ground the marriage was a sham and the respondent was not entitled to the classification he had been accorded

(2) The burden of proof in rescission proceedings is clear, convincing and unequivocal evidence. Where the basis for rescission proceedings is that the alien was not entitled to the numerical classification accorded, it is essential that the Notice of Intention to Rescind allege ineligibility for other numerical classifications. In this case the record contains no evidence that a visa subject to the numerical limitations would not have been available to respondent, nor is that alleged. Proceeding remanded.

ON BEHALF OF RESPONDENT:   Manuel Guzman Ortiz, Esquire
                          P. O. Box 9133
                          Santurce, Puerto Rico 00908


This is an appeal from an order of rescission entered by the immigration judge. The case will be remanded.

The record relates to a married male alien, 23 years of age, a native and citizen of Jordan, whose status was adjusted to that of an alien lawfully admitted for permanent residence on January 28, 1970. He was granted permanent residence as the spouse of a citizen of the United States. As such he was exempt from the numerical limitations. His marriage to the United States citizen terminated in divorce on August 19, 1970. The Service thereupon concluded that his marriage had been a sham and that the respondent was not entitled to the classification he was accorded. Rescission proceedings were commenced.

The Notice of Intention to Rescind alleged that no bona fide marriage relation ever existed between the respondent and his United States citizen wife and that "willful failure to disclose this material fact served to cut off a pertinent line of inquiry which, had it been known, would certainly have prevented approval of your application for permanent residence." However, there was no allegation that the nonpreference

784

category was unavailable at that time, nor was it alleged that the respondent did not possess a labor certification (absent which, he would have been inadmissible in the nonpreference category).

We hold that where the basis for rescission proceedings is that the alien was not entitled to the numerical classification accorded, it is essential that the notice allege ineligibility for other numerical classification. We rely on the case of *United States* v. *Rossi*, 299 F.2d 650 (C.A. 9, 1962), for this proposition. In that case the court held that the Government had not sustained its burden of proof, in a denaturalization case, in which there was no suggestion in the record that Rossi was ineligible for a quota visa, or otherwise excludable. The basis for the denaturalization proceeding was that Rossi had not been lawfully admitted for permanent residence, a prerequisite for naturalization, because he entered with an immigrant visa, in nonquota status, to which he was not entitled. He was actually subject to quota limitations. The court held that the Service had not borne its burden of establishing that the quota to which Rossi was chargeable was oversubscribed, and that therefore the Service had not established that Rossi would have been ineligible for a quota visa. The burden imposed on the Service in that denaturalization proceeding, clear and convincing evidence, was no greater than the burden in a rescission proceeding, where the burden is clear, convincing and unequivocal evidence, *Waziri* v. *INS*, 392 F.2d 55 (C.A. 9, 1968); *Matter of Vilanova-Gonzalez*, 13 I. & N. Dec. 399 (BIA 1969).

In the case before us the record contains no evidence that a visa subject to the numerical limitations would not have been available to the respondent, nor is there even an allegation to that effect. Accordingly, we shall remand the case to enable the proceedings to be reopened and conducted in accordance with this decision.

ORDER: This case is remanded to the immigration judge for proceedings consistent with the above decision.