## MATTER OF IDEIS

### In Deportation Proceedings

### A-17800136

*Decided by Board May 22, 1974*

Notwithstanding respondent committed no fraud in connection with her admission for permanent residence as the unmarried daughter of a lawful permanent resident father, who, in fact, was not a lawful permanent resident, her innocent misrepresentations in that regard are sufficient to bring her within the purview of the provisions of section 241(f) of the Immigration and Nationality Act, as amended.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry, not in possession of valid immigrant visa.

ON BEHALF OF RESPONDENT:
K. Fred Ajluni, Esquire
2432 Guardian Building
Detroit, Michigan 48226

ON BEHALF OF SERVICE:
Adolph F. Angelilli
Trial Attorney

The alien respondent is a native of Jerusalem and a citizen of Jordan. She was admitted to the United States in January of 1968 as an immigrant on the basis of her status as the unmarried daughter of an alien lawfully admitted for permanent residence. Deportation proceedings were instituted when it appeared that the respondent was not in fact entitled to the status upon which her admission was predicated. In a decision dated July 31, 1973, the immigration judge found the respondent deportable, but granted her the privilege of voluntary departure. She has appealed that decision. The appeal will be sustained.

The respondent's admission as an immigrant was based upon her father's status as an alien lawfully admitted for permanent residence. It was through her relationship to him that the respondent was accorded the preference which allowed her to immigrate to the United States in 1968. In August of 1972, however, the respondent's father was found to be excludable and he was denied admission as a returning resident immigrant. The respondent's father was ordered excluded primarily because he was found not to have been entitled to the immigrant visa which he had earlier received, and, accordingly, never to have qualified as an alien lawfully admitted for permanent residence.

The Service's contention that the respondent's father never

properly had a status capable of according immigration benefits to the respondent was an integral part of the case against the respondent; and the respondent held the Service to its burden ot proof in this regard. In support of this portion of its case, the Service introduced a copy of the immigration judge's decision in the exclusion proceeding of the respondent's father. That opinion fully sets forth the facts upon which the respondent's father was found excludable. It is clear that the immigration judge there found the respondent's father to have been improperly admitted as a permanent resident.

Counsel for the respondent did not object to the introduction into evidence of a copy of that decision. The respondent does assert that she was denied due process of law because she was not included as a party to the proceedings against her father, especially since the outcome of that case could have a material impact upon her presence in the United States. The respondent's contention in this regard appears to be premised on the assumption that the adjudication in the proceedings against her father is binding on her. This assumption is incorrect.

The determination in the case of the respondent's father should be accorded considerable wieght in this proceeding. The decision there was similar to an adjudication of status; the opinion was not a summary order, but instead set forth fully the law and the facts upon which the result was predicated; except for the precise parties, the interest to be protected by the respondent's father in his case was identical to the interest which the respondent presently is protecting; and, the immigration judge in the case of the respondent's father imposed the same burden of proof on the Service which it bears in this proceeding. Nevertheless, the decision regarding the respondent's father is only evidence of the status to which he was entitled under the immigration laws; it is not conclusive of that status as against the respondent. Cf. *Jung Yen Loy* v. *Cahill*, 81 F.2d 809 (C.A. 9, 1936); *Sanders* v. *Clark*, 76 F. Supp. 489 (E.D. Pa. 1948). The respondent is free to challenge the accuracy of the determination in her father's case during these proceedings; however she was not *entitled* to be made a party in the case against her father.[1]

---

[1] *Compare U.S. ex rel. Harrington* v. *Schlotfeldt*, 136 F.2d 935 (C.A. 7, 1943), cert. denied sub nom., *Krause* v. *United States*, 327 U.S. 781 (1946), and *Rosenberg* v. *United States*, 60 F.2d 475 (C.A. 3, 1932) (in which the courts refused to permit affected relatives to intervene in denaturalization proceedings), with *Battaglino* v. *Marshall*, 172 F.2d 979 (C.A. 2, 1949), cert. den., 338 U.S. 829 (1949) (in which a child of a denaturalized citizen was found not be be a citizen himself, but in which the court was careful to point out that the child did not claim his father's denaturalization to have been erroneous).

The respondent has only vaguely asserted that the decision in her father's case was erroneous. She has failed to make a prima facie showing that her father was in fact entitled to status as an alien lawfully admitted for permanent residence. Accordingly, the copy of the decision in her father's case is the only substantial evidence of record as to his proper status. The admissions of the respondent together with the documentary materials submitted by the Service constitute clear, convincing and unequivocal evidence that the respondent was excludable at entry as charged.

On appeal the respondent has argued that the provisions of section 241(f) of the Immigration and Nationality Act prevent her deportation on the charge contained in the Order to Show Cause. We agree.

Section 241(f) saves from deportation any alien who would have been deportable for procuring entry or documentation by fraud or misrepresentation, if the alien was otherwise admissible at entry and is the spouse, parent or child of a United States citizen or of an alien lawfully admitted for permanent residence. The respondent is the parent of two United States citizen children. The record indicates that she was admissible at entry under the "qualitative" provisions of the Act. The Service, however, argues that the respondent has not satisfied the requirements of section 241(f), because she had not committted the requisite fraud in obtaining entry or documentation.

Although the record indicates that the respondent did not commit *fraud* in obtaining either her visa or entry, it is clear that she made an innocent misrepresentation in this regard. That innocent misrepresentation is sufficient to bring the respondent within the terms of section 241(f). *Matter of Louie*, Interim Decision No. 2223 (BIA 1973); *Matter of Lim*, 13 I. & N. Dec. 169 (BIA 1969); *Matter of Torbergsen*, 13 I. & N. Dec. 432 (BIA 1969).

A remand of this case appears unnecessary. Although the respondent raised her section 241(f) claim on appeal, the record adequately establishes the applicability of this provision. The proceedings will be terminated.

ORDER: The appeal is sustained and the deportation proceedings against the respondent are terminated.