MATTER OF RAQUENO

In Deportation Proceedings

A–35243588

*Decided by Board June 21, 1979*

(1) There is no need for allegations in an Order to Show Cause in deportation proceedings of elements such as ineligibility for any other numerical classification unnecessary to the charge as that charge is defined in the statute. Where respondent was charged with entry without a valid document in violation of section 212(a)(20) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(20), the Order to Show Cause was sufficient to inform respondent of the charge with sufficient precision to allow her to properly defend herself. *Matter of Suleiman,* 15 I&N Dec. 784 (BIA 1974), distinguished.

(2) An "innocent" misrepresentation will not qualify an alien for relief from deportation under section 241(f) of the Act, 8 U.S.C. 1251(f). *Matter of Da Lomba,* 16 I&N Dec. 616 (BIA 1978), followed; *Matter of Ideis,* 14 I&N Dec. 701 (BIA 1974); *Matter of Louie,* 14 I&N Dec. 421 (BIA 1973); *Matter of Torbergsen,* 13 I&N Dec. 432 (BIA 1969); *Matter of Lim,* 13 I&N Dec. 169 (BIA 1969), superseded.

(3) Where the respondent innocently indicated she was single when she obtained her immigrant visa because she believed the query as to her marital status referred to the date her mother filed a visa petition on her behalf, she failed to establish eligibility for section 241(f) relief because she did not show her visa was fraudulently obtained. *Matter of Da Lomba, supra.*

CHARGE:

Order: Act of 1952—Sec. 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry— not of status specified in immigrant visa under sec. 203(a) [8 U.S.C. 1153(a)]

Lodged: Act of 1952—Sec. 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry —not in possession of a valid immigrant visa as required by section 212(a)(20) [8 U.S.C. 1182(a)(20)]

ON BEHALF OF RESPONDENT: Sheryl L. Hopkins, Esquire
2925 Coliseum Street
New Orleans, Los Angeles 70115

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The respondent moves us to reconsider our decision of October 7, 1977, wherein we dismissed her appeal from the immigration judge's

decision. The motion will be denied.

The record relates to a married female alien, 33 years of age, who is a native and citizen of the Philippines. She was admitted to the United States on September 4, 1975, in possession of an immigrant visa classifying her in the second preference as the unmarried daughter of a lawful permanent resident; an approved visa petition so classifying her was attached to the visa. In fact, the respondent had married before she was issued the visa. She was interviewed and issued the visa on August 11, 1975. Her marriage date was July 19, 1975.

In her motion to reconsider, the respondent raises two legal arguments, neither of which was advanced at the time of her hearing below or during the previous appeal. First, the respondent argues that she is eligible for relief from deportation under section 241(f) of the Immigration and Nationality Act, 8 U.S.C. 1251(f). That provision saves from deportation those aliens who were excludable at the time of their entry on the basis of having procured a visa or other documentation or entry into the United States by fraud or misrepresentation if they are the spouse, parent, or a child of a United States citizen or lawful permanent resident alien.[1] In *Matter of Da Lomba*, 16 I&N Dec. 616 (BIA 1978), we held that section 241(f) forgives deportability under sections 241(a)(1) of the Act, 8 U.S.C. 1251(a)(1), and 212(a)(20) of the Act, 8 U.S.C. 1182(a)(20), where there has been compliance with the immigrant visa requirements and the entry document is invalid because of fraud. We regard our decision in *Matter of Da Lomba, id.*, that a fraudulent misrepresentation is necessary to qualify an alien for section 241(f) relief from deportation as a rejection of our previous cases that held that an "innocent" misrepresentation was sufficient for such relief. See *Matter of Ideis*, 14 I&N Dec. 701 (BIA 1974); *Matter of Louie*, 14 I&N Dec. 421 (BIA 1973); *Matter of Torbergsen*, 13 I&N Dec. 432 (BIA 1969); *Matter of Lim*, 13 I&N Dec. 169 (BIA 1969); *cf. Matter of Gabouriel*, 13 I&N Dec. 742 (BIA 1971); *Matter of Koryzma*, 13 I&N Dec. 514 (BIA 1970). These cases followed the decision in *In re Yuen Lan Hom*, 289 F. Supp. 204 (S.D.N.Y. 1968), in which the court held that section 241(f) would be applicable in a case where an alien innocently claimed to be the spouse of a United States citizen upon her entry. We have decided to follow the dictum in *Reid* v. *INS*, 420 U.S. 619 (1975), disapproving of the holding in *In re Yuen Lan Hom, supra*, see 420 U.S. at 629, and, accordingly, we regard this line of cases as overruled.

In the present case, the respondent has consistently denied fraud in the obtainment of her immigrant visa. At a deportation hearing held on May 14, 1976, the respondent testified that she signed a Form FS-548 on August 11, 1975, attesting that she knew she would lose her

---

[1] The respondent is the parent of two United States citizen children.

11

immigrant status if she married before her entry into the United States. She stated further that she did not read the form because it was late in the day and she was "tired and hungry" (Tr. p. 11). On June 10, 1976, at the continued deportation hearing, the respondent again indicated that she did not know what she was signing because no one explained the form to her (Tr. p. 14). Counsel for the respondent argued at the June 10 hearing that the visa application signed by the respondent, which indicated her marital status to be "single" (Ex. 2), was unclear as to whether the respondent's status at the time the visa petition was filed on her behalf was to be controlling, at which time (February 1, 1975) she was in fact single, or whether the time of the completion of the visa application was to control, at which time she was married (Tr. p. 13). The implication is that, rather than fraudulently concealing her true marital status, the respondent innocently indicated that she was single because she believed that the query as to her marital status referred to the date on which her mother filed a visa petition on her behalf. The respondent has not established, therefore, eligibility for section 241(f) relief within the meaning of our decision in *Matter of Da Lomba, id.,* as she has not shown that her visa is invalid as fraudulently obtained.[2] We believe that our finding in this regard is supported by the position taken by the Trial Attorney that the Government was not "alleging any fraud whatsoever" (Tr. p. 6), and also the statement of the immigration judge that the respondent "did not intentionally defraud the American Consul" (Tr. p. 25).

The second argument raised by the respondent is that the proceedings were technically defective because the Service never alleged that the respondent was ineligible for any other numerical classification. She relies for this proposition on our decision in *Matter of Suleiman,* 15 I&N Dec. 784 (BIA 1974), in which we held that, in rescission proceedings based on nonentitlement to the numerical classification accorded, it is essential that the Notice of Intention to Rescind allege ineligibility for any other numerical classification.

The respondent is charged with entry without a valid document in violation of section 212(a)(20) of the Act. Regardless of eligibility for another preference classification, the fact is that the respondent entered the United States as a second-preference immigrant when she was not entitled to that classification because she was married at the time of her entry. *See generally Hendrix v. INS,* 583 F.2d 1102 (9 Cir. 1978).

An Order to Show Cause is designed to inform an alien of the

---

[2] We find that, because of our disposition on the issue of fraud, we need not reach the issue of whether the respondent would be "otherwise admissible" at the time of her entry as required by section 241(f). *See Matter of Gonzalez,* 16 I&N Dec. 564 (BIA 1978).

charges against her with sufficient precision to allow her to properly defend herself. *Matter of Chery and Hasan,* 15 I&N Dec. 380 (BIA 1975). We find that the Order to Show Cause issued in this case was sufficient in that regard. There is no need, under the law or the regulations, for allegations in an Order to Show Cause of elements, such as ineligibility for any other numerical classification, unnecessary to the charge as that charge is defined in the statute. *Cf. Wood v. Hoy,* 266 F.2d 825 (9 Cir. 1959). In this case, an allegation of ineligibility for another numerical classification is superfluous to the charge in the Order to Show Cause.[3] We expressly disapprove of any language in *Matter of Suleiman, supra,* that would indicate the need in deportation proceedings for such allegations.

In this case, the charge of deportability put the respondent on notice that the validity of her visa was at issue. We have considered fully the respondent's applications for relief, and find them to be without merit. Accordingly, we will deny her motion for reconsideration.

ORDER: The motion is denied.

---

[3] However, the existence of eligibility for another numerical classification might be a consideration in the exercise of prosecutorial judgment (*i.e.,* whether or not to initiate deportation proceedings).