MATTER OF GIANNOUTSOS

In Rescission Proceedings

A-13288520

*Decided by Board November 9, 1979*

Where the basis for rescission proceedings was that the alien was not entitled to the numerical classification accorded him in his visa, it is not necessary that the Notice to Rescind allege ineligibility for the numerical classifications since this is a matter of affirmative defense. *Matter of Suleiman*, 15 I&N Dec. 784 (BIA 1974), overruled; *Matter of Raqueno*, Interim Decision 2713 (BIA 1979), followed.

ON BEHALF OF RESPONDENT:
Stanley H. Wallenstein, Esquire
Schiano & Wallenstein
80 Wall Street
New York, New York 10005

ON BEHALF OF SERVICE:
Daniel Meiser
Trial Attorney

BY: Milhollan, Chairman; Maniatis, Maguire, and Farb, Board Members

In a decision dated February 13, 1973, the immigration judge rescinded the now 52-year-old respondent's permanent resident status granted him on August 25, 1964, based on an approved visa petition as the nonquota spouse of a United States citizen. The immigration judge held that he was not entitled to nonquota status. Thereupon, the respondent, through previous counsel, appealed from that decision. Subsequently, on October 24, 1974, concurring in the immigration judge's conclusion that the Service had established the essential facts contained in the notice of rescission and that the respondent was ineligible for adjustment of status, inasmuch as an immigrant visa had not been readily available to him at the time he was granted his permanent residence status, we dismissed the respondent's appeal from that rescission.

Now before us is the respondent's motion, submitted through new counsel on January 31, 1978, claiming (while relying on *Matter of Suleiman*, 15 I&N Dec. 784 (BIA 1974)), that, inasmuch as the notice to rescind, dated August 13, 1968, contained no additional allegation that the respondent was ineligible for adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. 1255, under either

a preference quota or the nonpreference quota, the proceedings should be reopened and the record remanded. In its brief, dated October 20, 1978, the Service expresses its opposition to the motion to reopen, claiming, *inter alia*, that the respondent (who is now in deportation proceedings) has not alleged in his motion that he was the beneficiary of an approved visa petition or was otherwise eligible for a preference or nonpreference quota under section 203(a) of the Act, 8 U.S.C. 1153(a).

In *Matter of Suleiman, supra,* we held that where the basis for rescission proceedings is that the alien was not entitled to the numerical classification accorded, it is essential that the notice allege ineligibility for other numerical classifications. We relied on the case of *United States* v. *Rossi,* 299 F.2d 650 (9 Cir. 1962), for that proposition. The basis for that denaturalization proceeding was that Rossi (an Italian citizen who had personated his brother, a Chilean citizen) had not been lawfully admitted for permanent residence, a prerequisite for naturalization, because he entered with an immigrant visa, in non-quota status, to which he was not entitled. He was actually subject to quota limitations. The court held that the Service had not borne its burden of establishing that the quota to which Rossi was chargeable was oversubscribed, and that, therefore, the Service had not established that Rossi would have been ineligible for a quota visa.

However, in reexamining this issue, we take note that the evidentiary and legal situation in rescission proceedings is unlike that in denaturalization proceedings. In rescission proceedings we may take official notice of the monthly Department of State Visa Bulletins announcing visa availability under numerical limitations in a stated month. Fed. Rules of Evid. 803(a)(8); *Matter of DeVera,* 16 I&N Dec. 266 (BIA 1977). Therefore, the respondent in rescission proceedings, who claims a visa was available to him under a classification (under section 203(a) of the Act or by virtue of a priority date) other than that accorded him, should allege that claim as an affirmative defense. 8 C.F.R. 246.3. Normally, the issue will be decided forthwith by reference to the visa bulletin. Additionally, in rescission proceedings under section 246 of the Act, the immigration judge is not bound by judicial rules of evidence. 8 C.F.R. 246.3; *Matter of DeVera, supra.* Therefore, the holding in *Rossi, supra,* in a denaturalization proceeding, is not applicable in a rescission proceeding. Hence, the overruling of *Suleiman, supra,* is the necessary consequence of our decision in this case.[1]

---

[1] In *Matter of Raqueno,* Interim Decision 2713 (BIA 1979), a deportation proceeding, we did not read our holding in *Matter of Suleiman, supra,* as having any applicability in deportation proceedings. Where that respondent was charged under section 241(a)(1) of

Under the pertinent provisions of 8 C.F.R. 3.8, motions to reopen shall state the new facts to be proved at the reopened hearing and shall be supported by affidavits or other evidentiary material. We conclude that the respondent, although his motion is supported by an affidavit, inasmuch as he has not stated new facts to be proved at the reopened hearing, nor averred that he was otherwise eligible for a preference or nonpreference classification under section 203(a) of the Act, has not presented a new motion sufficient under 8 C.F.R. 3.8 to require reopening of these proceedings. Therefore, the motion to reopen will be denied.

ORDER: The motion is denied.

---

the Act as an alien who entered without a valid document in violation of section 212(a)(20) of the Act, we held that the Order to Show Cause was sufficient to inform that respondent of the charge with sufficient precision to allow her to properly defend herself. Hence, we found no need under the statute or regulations to contain in the Order to Show Cause allegations which exclude the possibility that a visa might have been available to that respondent in a status other than that specified in the visa. An allegation of ineligibility for another numerical classification would be superfluous to that charge in the Order to Show Cause.