## MATTER OF ALARCON

### In Deportation Proceedings

### A-34970431

*Decided by Board November 20, 1980*

(1) If revocation of a visa petition is not effective due to failure of the Immigration and Naturalization Service to notify the beneficiary prior to his departure for this country, as required by section 205 of the Immigration and Nationality Act, 8 U.S.C. 1155, the beneficiary's admissibility is nevertheless determined in the manner provided by sections 235 and 236 of the Act, 8 U.S.C. 1225 and 1226.

(2) Where an alien is charged with excludability under section 212(a)(20) of the Act, 8 U.S.C. 1182(a)(20), for failure to be in the status specified in his visa, the immigration judge examines the visa and the relationship on which its validity depends, and the revocation procedure, employed to invalidate the visa petition prior to application for admission, is no longer applicable.

(3) Section 211(a)(4) of the Act, 8 U.S.C. 1181(a)(4), which rendered an alien excludable unless at the time of application for admission he was of the status specified in his visa, was deleted from the Act by Congress as superfluous because covered by section 212(a)(20) of the Act.

(4) Where the respondent was married at the time of her entry, she was not entitled to preference classification as the unmarried daughter of a lawful permanent resident under section 203(a)(2) of the Act, 8 U.S.C. 1153(a)(2), and was properly found to have been excludable at entry under section 212(a)(20) of the Act, and, therefore, deportable under section 241(a)(1) of the Act, 8 U.S.C. 1251(a)(1). *Matter of Salazar*, Interim Decision 2741 (BIA 1979), distinguished.

CHARGE:

Order: Act of 1952—Sec. 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under sec. 212(a)(20) [8 U.S.C. 1182(a)(20)]—No valid immigrant visa

ON BEHALF OF RESPONDENT:
Stanley H. Wallenstein, Esquire
Schiano & Wallenstein
80 Wall Street
New York, New York 10005

ON BEHALF OF SERVICE:
Mark Drucker
Trial Attorney

George W. Masterton
Appellate Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

In a decision dated May 26, 1978, the immigration judge found the respondent deportable under section 241(a)(1) of the Immigration and

Nationality Act, 8 U.S.C. 1251(a)(1), as an alien excludable at entry under section 212(a)(20) of the Act, 8 U.S.C. 1182(a)(20), for lack of a valid immigrant visa. He further granted her the privilege of voluntary departure on or before September 1, 1978. The respondent has appealed from that decision. The appeal will be dismissed.

The respondent is a 27-year-old native and citizen of the Philippines. The record reflects that she entered the United States on April 19, 1975, with an immigrant visa accorded to her as the unmarried daughter of a lawful permanent resident. Included in the record is a copy of a marriage contract entered into by the respondent in the Philippines on April 15, 1975.

At deportation proceedings, the respondent argued that she was in possession of a valid visa at the time of entry because her visa petition was never properly revoked. This argument was founded on the premise that a visa petition is valid unless revocation becomes effective upon notice to the beneficiary prior to his journey to the United States in accordance with section 205 of the Act, 8 U.S.C. 1155. The respondent contended that since she was not notified that her visa petition was revoked before she came to this country, her visa petition and, therefore, her visa were still valid. She reiterates this contention on appeal.

In support of that argument, the respondent asserts that the existence of the revocation procedure under section 205 of the Act precludes a finding that she was excludable under section 212(a)(20) as lacking the status accorded by her visa. She contends that when Congress deleted section 211(a)(4) from the Act in 1965,[1] it intended for situations previously covered by that section to be dealt with under the revocation procedure, which is specifically designed for such cases, rather than under the general provisions of section 212(a)(20) of the Act. We disagree with the respondent's arguments.

Section 205 of the Act provides as follows:

The Attorney General may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 204. Such revocation shall be effective as of the date of approval of any such petition. In no case, however, shall such revocation have effect unless there is mailed to the petitioner's last known address a notice of the revocation and unless notice of revocation is communicated through the Secretary of State to the beneficiary of the petition before such beneficiary commences his journey to the United States. If notice of revocation is not so given, and the beneficiary applies for admission to the United States, his admissibility shall be determined in the manner provided for by sections 235 and 236.

According to the regulations, approval of a visa petition is automati-

---

[1] Section 211(a)(4), which was amended by section 9 of Public Law 89-236 on October 3, 1965, stated that "no immigrant shall be admitted into the United States unless at the time of application for admission he . . . (4) is of the proper status under the quota specified in the immigrant visa." See Matter of C–, 8 I&N Dec. 665 (BIA 1960).

cally revoked if the beneficiary, who has been accorded status as the son or daughter of a lawful permanent resident, gets married. *See* 8 C.F.R. 205.1(a)(8). However, the statute provides that the revocation will not take effect unless the beneficiary is notified of such revocation prior to the commencement of his journey to this country. *See* section 205 of the Act. Thereafter, if revocation was not effective and the beneficiary applies for admission, his admissibility is to be determined in exclusion proceedings.

In determining an alien's admissibility under section 212(a)(20) of the Act, the immigration judge examines the applicant's visa to determine its validity. In cases of this type, his decision regarding the validity of the visa inherently involves scrutiny of the underlying visa petition and the relationship on which it depends. If he determines that a flaw exists in that relationship such that the alien was not actually entitled to the status which was accorded to him by the visa petition, the immigration judge may conclude that the visa is invalid.

This deliberation provides a forum where the applicant may attempt to rebut the Service's allegation that his visa is invalid because he is not entitled to the status accorded in the visa petition. Thus, when an alien's excludability becomes the subject of inquiry by an immigration judge, the revocation procedure of section 205 is no longer applicable.

The respondent's argument that an applicant for entry, who is not entitled to the status specified in his visa, may not be found excludable under section 212(a)(20) of the Act is without merit. The respondent asserts that the revocation procedure is the appropriate means of dealing with such cases and should preempt the use of section 212(a)(20). To illustrate that point, counsel for the respondent stated at oral argument that, subsequent to the deletion of section 211(a)(4) from the Act, no authority exists in our case law to find an alien in the respondent's position deportable for having been excludable at entry under section 212(a)(20) of the Act.

As previously stated, the revocation procedure is only applicable to invalidate a visa petition prior to the time an alien seeks admission to the United States. Upon application for admission, his admissibility is determined in exclusion proceedings where the focus of inquiry is the validity of the alien's visa. As the respondent suggests, the alien may then be found excludable under section 212(a)(20) for lack of a valid visa because the visa has expired or was fraudulently obtained, or because the underlying visa petition has been revoked. However, as our decisions have made clear, he may also be excludable under section 212(a)(20) because he is not entitled to the status accorded by his visa. *See Matter of Torbergsen,* 13 I&N Dec. 432 (BIA 1969); *see also Matter of Khan,* 14 I&N Dec. 122 (BIA 1972); *Matter of Iesce,* 12 I&N Dec. 156 (BIA 1967).

In response to the respondent's argument that Congress deleted section 211(a)(4) from the Act as superfluous to the revocation procedures of section 205, we conclude that section 211(a)(4) was deemed superfluous, but because covered by section 212(a)(20). In this regard, we note the fact that in *Matter of Coletti*, 11 I&N Dec. 551 (BIA 1965), an alien in a situation factually identical to the respondent's was found deportable under both sections. *See also Matter of Khan, supra.* It is our belief that Congress desired to consolidate all grounds of excludability, including failure of an alien to be in the status specified in his visa, under section 212(a) of the Act. Thus, we find that excludability was appropriately charged in this case under section 212(a)(20) of the Act.

Inasmuch as the respondent was married at the time of her entry, we find that she was not entitled to preference classification under section 203(a)(2) of the Act, 8 U.S.C. 1153(a)(2), and, thus, was excludable under section 212(a)(20).[2] Accordingly, the appeal will be dismissed.

Since the period of voluntary departure granted by the immigration judge has now expired, we shall permit the respondent to depart voluntarily from the United States within 30 days of the date of this order in accordance with our decision in *Matter of Chouliaris*, 16 I&N Dec. 168 (BIA 1977).

ORDER: The appeal is dismissed.

FURTHER ORDER: The respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order and under such conditions as the District Director deems appropriate; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.

---

[2] We believe that this case is distinguishable from our decision in *Matter of Salazar*, Interim Decision 2741 (BIA 1979), in that the respondent there was still the spouse of a United States citizen at entry and was, therefore, entitled to the preference classification accorded to him since his visa petition was not properly revoked prior to his departure for this country. *See Chan v. INS*, No. 79-7356 (9 Cir. October 2, 1980).