**Lubelyn CADDALI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 90–70464.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 12, 1991 *.

Opinion Dec. 23, 1991.

Opinion Withdrawn Sept. 23, 1992.

Decided Sept. 23, 1992.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App.P. 34(a) and Ninth Cir.R. 34–4.

Ronald T. Oldenburg, Honolulu, Hawaii, for petitioner.

Robert Kendall, Jr., U.S. Dept. of Justice, Washington, D.C. for respondent.

Before: GOODWIN, SKOPIL, and NOONAN, Circuit Judges.

### ORDER

The petition for rehearing is granted.

The opinion filed December 23, 1991, 952 F.2d 295, is hereby withdrawn.

### OPINION

NOONAN, Circuit Judge:

Lubelyn Caddali appeals from the order of the Board of Immigration Appeals holding her deportable and denying her petition for a waiver of deportability pursuant to section 241(f)(1) of the Immigration and Naturalization Act, 8 U.S.C. § 1251(f)(1), *repealed*, Pub.L. 101–649, § 602(b)(1), Nov. 29, 1990. We affirm.

### FACTS

Lubelyn L. Caddali, a citizen of the Phillipines, was born in Banna, Ilocos Norte, Philippines on July 28, 1964. She became engaged to David Alan Paa, a citizen of the United States, who filed a petition that a visa be granted her to enter the United States to marry him. The visa was issued. She entered the United States on February 26, 1983.

Unknown to Lubelyn Caddali, David Paa had been murdered on February 18, 1983. Instead of a marriage, she attended his funeral.

On March 11, 1983 she entered into a marriage, now conceded by her to have been fraudulent, with Bienvenido Aspili, a United States citizen. On the basis of this marriage she adjusted her status to that of a permanent resident alien. The fraudulent character of her marriage came to the attention of the Immigration and Naturalization Service (the Service), which brought

proceedings to deport her. Her father and her four-year-old daughter are citizens of the United States. Her mother is a permanent resident.

## PROCEEDINGS

The immigration judge ruled that she was deportable and denied her application under 8 U.S.C. § 1251(f)(1) for waiver of deportability as the mother of a United States citizen and the child of a United States citizen.

Caddali appealed to the Board of Immigration Appeals (the Board) which ruled as follows:

> According to 8 C.F.R. § 214.2(k)(5), the approval of a nonimmigrant fiance petition is automatically terminated when the petitioner dies before the beneficiary arrives in the United States. Since the respondent's fiance died prior to her arrival, her visa petition was automatically revoked upon his death and she was no longer entitled to the status accorded by her visa. *See Matter of Alarcon,* 17 I & N Dec. 574 (BIA 1980). Her nonimmigrant visa was therefore invalid at the time she sought admission to the United States, so the immigration judge properly found her to be deportable as charged.

The Board went on to say:

> ... the respondent was found deportable due to the lack of a valid visa at the time of her entry, not because of the fraud she later committed in adjusting her status on the basis of a sham marriage. Thus, a section 241(f)(1) waiver would not eliminate the grounds of deportability with which she is charged. Accordingly, the appeal will be dismissed.

Caddali appeals to this court.

## ANALYSIS

Every alien is "presumed to be an immigrant until he establishes to the satisfaction of the consular officer, at the time of application for a visa, and the immigration officers, at the time of application for admission, that he is entitled to a nonimmigrant status under section 1101(a)(15) of this title." 8 U.S.C. § 1184(b).

 Caddali, when she began her trip to the United States, had established to the satisfaction of the consular officer that she was the fiancee of a citizen of the United States who sought to enter the United States to conclude a valid marriage within 90 days after entry. Under these circumstances she was entitled to nonimmigrant status, 8 U.S.C. § 1101(a)(15)(K).

Her fiance died before she reached the United States. It was impossible, therefore, for her to meet the criteria of being engaged; that she was unaware of the event does not change the objective fact that her fiance was no longer alive.

 One possible immigration rule involving the status of fiance would hold that an alien fiance retains that status so long as she remains unaware of the death of her intended spouse. The regulations of the Immigration Service do not incorporate this rule, however; their rule is more severe. They automatically terminate approval of a petition by a fiance when he dies "before the beneficiary arrives in the United States." 8 C.F.R. § 214.2(k). We are bound by the agency's interpretation of the statute—an interpretation which is severe but not unreasonable. *Chevron, U.S.A. v. Natural Resources Defense Council,* 467 U.S. 837, 864–66, 104 S.Ct. 2778, 2792–93, 81 L.Ed.2d 694 (1984). Accordingly, Caddali was inadmissible to the United States at the time of entry.

 Under 8 U.S.C. § 1251(a), inadmissibility at the time of entry continues to affect the status of an immigrant even though she, in fact, was admitted. The Immigration Service can deport Caddali upon proof that she did not have the requisite status at the time she entered.

Somewhat confusingly, the Board stated its rationale in terms of Caddali's visa being "invalid." Her visa had not been revoked in accordance with the procedure set for revocation in 22 C.F.R. § 41.122. But what is determinative is not her possession of a visa but the nonexistence of her status as a fiancee at the time of entry.

■ Caddali also argues that the Board erred in denying her petition for waiver of deportation pursuant to 8 U.S.C. § 1251(f)(1). That section provides discretionary relief to certain aliens who are deportable on the ground that they were excludable at time of entry because they obtained entry through fraud or misrepresentation. To be eligible, an alien must have been in possession of "an immigrant visa or equivalent document" at the time of entry. 8 U.S.C. § 1251(f)(1). Caddali is not eligible for relief because she entered the United States pursuant to a nonimmigrant fiancee visa. *See* 8 U.S.C. § 1101(a)(15)(K).

AFFIRMED.