56 F.3d 70
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Josefa Ernestina CHAIRA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70296.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1995.*
Decided May 5, 1995.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Afm-sij-otc.
 BIA
 PETITION GRANTED.
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Josefa Ernestina Chaira, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") deportation decision. Chaira contends that the BIA erroneously applied 8 C.F.R. Sec. 216.3(b) (determination of marriage fraud) as the basis for rescission of her permanent resident status and deportation. We have jurisdiction under 8 U.S.C. Sec. 1105a(a), and we grant the petition for review.
 
 BACKGROUND
 
 3
 Chaira was granted her conditional permanent resident status based on her marriage to a United States citizen. Within statutorily prescribed time, Chaira filed a "Joint Petition to Remove the Condition" pursuant to 8 C.F.R. Sec. 216.4(a), but forged her spouse's signature on the petition. The Immigration and Naturalization Service ("INS") granted her petition and removed her condition. Upon subsequent discovery of the forged signature, the INS reconsidered Chaira's petition and terminated her conditional permanent resident status. The INS issued an Order to Show Cause, charging Chaira as deportable pursuant to 8 U.S.C. Sec. 1251(a)(1)(D) (termination of conditional permanent status) because she did not properly have her condition removed. In the deportation proceeding, Chaira contended that the INS lacked authority to reconsider her petition after it had adjusted her status. The immigration judge ("IJ") found that the INS had followed regulatory procedures under 8 C.F.R. Sec. 103.5 when reconsidering Chaira's status and commented that 8 C.F.R. Sec. 216.3(b), though not applicable here, was not the sole and exclusive remedy available to the INS. Chaira appealed to the BIA. The BIA affirmed the IJ's deportation order, finding that 8 C.F.R. Sec. 216.3(b) "allow[ed] for the institution of either rescission or deportation proceedings when the Service discover[ed] that the conditional basis of an alien's permanent residence was improperly removed." Chaira timely appealed.
 
 ANALYSIS
 
 4
 Chaira contends that the BIA misapplied 8 C.F.R. Sec. 216.3(b) here because the clear language of the regulation does not authorize rescission or deportation proceedings without a finding of the existence of a sham marriage. We agree.
 
 
 5
 We review de novo the BIA's interpretation of the Immigration and Nationality Act ("Act"). Hartooni v. INS, 21 F.3d 336, 340 (9th Cir. 1994). We afford considerable deference to the BIA's interpretation of the Act "unless it is arbitrary, capricious, or manifestly contrary to the statute." Romero v. INS, 39 F.3d 977, 980 (9th Cir. 1994); see also Caddali v. INS, 975 F.2d 1428, 1430 (9th Cir. 1992) (INS' interpretation of C.F.R. is binding if it is not unreasonable). However, no deference is necessary where the statute is clear on its face. See INS v. Cardoza-Fonesca, 480 U.S. 421, 445-49 (1987).
 
 
 6
 8 C.F.R. Sec. 216.3(b) provides that "[i]f, subsequent to the removal of the conditional basis of an alien's permanent resident status, the district director determines that the alien obtained permanent resident status through a marriage which was entered into for the purpose of evading the immigration laws," the director may institute rescission or deportation proceedings. 8 C.F.R. Sec. 216.3(b); see also 8 U.S.C. Sec. 1186a(b)(1) (authorizing termination of an alien's permanent resident status if qualifying marriage "was entered into for the purpose of procuring an alien's entry as an immigrant"); 8 U.S.C. Sec. 1255(e)(3) (clear and convincing evidence needed to establish that the marriage was not entered to evade immigration laws); Bu Roe v. INS, 771 F.2d 1328, 1331 (9th Cir. 1985) (the BIA's finding of a sham marriage must be supported by substantial and probative evidence).
 
 
 7
 Here, the INS did not allege marriage fraud in its Order to Show Cause. Nor did the IJ rest its deportation order on the basis that Chaira entered into a sham marriage. Furthermore, the BIA made no findings as to whether Chaira had entered into a fraudulent marriage to evade the immigration laws. See 8 C.F.R. Sec. 216.3(b); 8 U.S.C. Sec. 1255(e)(3); Bu Roe, 771 F.2d at 1331. Rather, Chaira was deported because she committed a fraud in connection with her petition to adjust her status. Thus, the BIA's reliance on 8 C.F.R. Sec. 216.3(b) was improper. See Romero, 39 F.3d at 980; Caddali, 975 F.2d at 1430.[1]
 
 
 8
 We GRANT the petition for review and REMAND the case for further proceeding.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We express no opinion as to whether the termination of Chaira's conditional permanent residence could be a proper ground for deportation because the BIA did not cite to such statutory ground to support its deportation decision. See 8 U.S.C. Sec. 1251(a)(1)(D); see also Hartooni, 21 F.3d at 340 (our review is generally limited to the BIA's decision)
 We are mindful of the INS' argument that it should not be powerless to stop Chaira's fraud. However, as Chaira conceded, upon discovering the fraud, the INS may initiate rescission proceeding, see generally 8 U.S.C. Sec. 1256 (rescission of adjustment of status), or deportation proceeding. See, e.g., 8 U.S.C. Secs. 1251(a)(1)(A), 1182(a)(6)(C) (willful misrepresentation of a material fact may provide a basis for deportation); see also Oloteo v. INS, 643 F.2d 679, 628 (9th Cir. 1986) (adjusted alien is deportable because their entrance has been obtained by fraud); cf. Choe v. INS, 11 F.3d 925, 930 (9th Cir. 1993) (INS can deport adjusted aliens at any time because of violations that are statutory bars, not discretionary bars, to adjustment of status in the first place). Thus, the INS is not without recourse.