78 F.3d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ramon Yacap YADAO, Dencio Yacap Yadao, Arturo Yacap Yadao, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70150.
 United States Court of Appeals, Ninth Circuit.
 Feb. 26, 1996.
 
 Before: SCHROEDER, D.W. NELSON, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ramon, Dencio and Arturo Yadao ("Yadao brothers") seek review of the decision of the Board of Immigration Appeals dismissing their appeal of an Immigration Judge's ("IJ") finding that they were deportable pursuant to sections 212(a)(19) and (20) of the Immigration and Naturalization Act ("INA"). 8 U.S.C. §§ 1182(a)(19) and (20).[1] The Yadao brothers argue on appeal that the deportation proceeding before the IJ was invalid because the IJ primarily relied upon evidence that was obtained unlawfully and thus, that the INS failed to meet its burden of proving deportability by clear and convincing evidence. See Laipenieks v. I.N.S., 750 F.2d 1427, 1429 (9th Cir.1989). Their argument lacks merit.
 
 
 3
 The Yadao brothers are natives and citizens of the Philippines. Ramon and Dencio entered the United States on November 2, 1987. Arturo entered the United States on July 27, 1988. They came as second preference immigrants based on visa petitions filed on their behalf by their mother, who was a lawful, permanent resident of the United States until her death on September 9, 1985. All three brothers applied for and were granted visas at least two years after their mother's death. Thus, at the time they entered this country their visas were invalid because pursuant to 8 C.F.R. § 205.1, a preference immigrant visa is automatically revoked upon the death of the relative on whom the preference is based.
 
 
 4
 The Yadao brothers challenge the legality of the immigration proceeding before the IJ, alleging that they were denied their constitutional right to due process because the IJ admitted evidence that was obtained in violation of INS regulation 8 C.F.R. § 242.2. That provision requires that "[w]hen a warrant of arrest is served under this part, the respondent shall have explained to him/her the contents of the order to show cause, the reason for the arrest and the right to be represented by counsel...." Testimony offered by the Yadao brothers and the arresting agent suggests that the agent may not have complied with this procedure. The Yadao brothers also point out that they all refused to sign the I-274 form, which explained their rights. However, the arresting officer testified that he read this form to them.
 
 
 5
 The Yadao brothers argue that because the arresting agent failed to comply with INS regulations, the statements that they signed admitting that they were aware that their mother was dead when they entered the United States should not have been admitted by the IJ. Because the IJ admitted this evidence, they assert, the proceeding was invalid. Their argument lacks merit for two reasons. First, the admission of this evidence did not prejudice them with respect to the fraud and willful misrepresentation claim. 8 U.S.C. § 1182(a)(19). Second, even if it did, they are still deportable under 8 U.S.C. § 1182(a)(20).
 
 
 6
 Violation of INS regulations renders a deportation unlawful if the regulation is intended to benefit the alien and if it prejudices the "aliens' interests in such a way as to affect potentially the outcome of their deportation proceedings." United States v. Rangel-Gonzales, 617 F.2d 529, 531 (9th Cir.1980). Here, even if the IJ had excluded the signed statements admitting that the brothers knew their mother was dead when they entered the United States, the fraud and misrepresentation claim would have been supported by the admission of the same information by their attorney. In the absence of "egregious circumstances," parties are bound by the admissions of their attorney. Town of North Bonneville v. Callaway, 10 F.3d 1505, 1509 (9th Cir.1993).
 
 
 7
 Even more compelling, however, is the fact that the Yadao brothers are deportable under 8 U.S.C. § 1182(a)(20) because they entered the United States using invalid visas. This charge, in contrast to the fraud and misrepresentation charge, does not require a showing that the brothers knew that their mother was dead when they entered the United States. See Caddali v. I.N.S., 975 F.2d 1428, 1430 (9th Cir.1992) (holding that a woman was deportable because the man who had petitioned for a fiance visa for her was murdered before she entered the United States and where she did not know prior to her arrival that her fiance was dead). As a result, even if the statements admitting knowledge of this fact were excluded because they were obtained unlawfully, the Yadao brothers would still be deportable. In fact, they do not even challenge the holding of the IJ that they are deportable under § 1182(a)(20). Therefore, we AFFIRM.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 8 U.S.C. § 1182(a) provides in relevant part:
 Excludable Aliens--General classes
 (a) Except as otherwise provided in this chapter, the following classes of aliens shall ... be excluded from admission into the United States:
 (19) Any alien who ... has procured a visa ... by fraud, or by willfully misrepresenting a material fact;
 (20) ... [A]ny immigrant who at the time of application for admissions is not in possession of a valid, unexpired immigrant visa ... if such document is required under the regulations issued by the Attorney General pursuant to section 1181(a) of this title.